## The West Brooklyn.

### Brown *et al. v.* The West Brooklyn.

*(Circuit Court of Appeals, Second Circuit. December 14, 1891.)*

Collision—Ferry-Boat and Tug—Obstruction of Ferry Slips.
    A tug has no right unnecessarily to maneuver at the entrance of the slip of a ferry-boat so as to obstruct the latter while making her slip, and a ferry-boat, which has given in season the proper signals to indicate her approach to a tug so situated, is justified in assuming that the tug will get out of the way, and is not liable, if collision ensue.

In Admiralty. Appeal from a decree of the circuit court of the United States for the southern district of New York. The district court for said district dismissed the libel, (45 Fed. Rep. 60,) and libelant appealed to the circuit court, which affirmed *pro forma* the decree of the district court, and libelant appealed to this court.

The ferry-boat West Brooklyn was entering her slip between piers 2 and 3, East river. The pilot of the ferry-boat had previously observed the tug R. S. Garrett backing towards the slip, and had given her two whistles to indicate that the ferry-boat would go astern of the tug, and, just before entering her slip, she gave a danger signal. The Garrett had been moored alongside pier 4, with her head up-stream, inside of another tug, which prevented the ferry-boat from seeing her at a distance. Receiving orders for Harlem, the Garrett cast off and backed to get out under the stern of the other tug. The stern of the Garrett struck the starboard paddle-wheel of the ferry-boat, after the latter was half-way in her slip.

*Carpenter & Mosher,* (*Joseph F. Mosher,* of counsel,) for appellants.

*Burrill, Zabriskie & Burrill,* (*J. Archibald Murray,* of counsel,) for appellee.

Before Wallace and Lacombe, Circuit Judges.

Per Curiam. We think the collision in this case is to be attributed solely to the fault of the tug. The ferry-boat was excusable in not discovering the tug before she did, and when she did discover her it was too late to reverse without danger of injury to the tug, more by doing so than by proceeding with her engines stopped. As soon as she did discover the tug, she gave proper signals to indicate her approach, and immediately followed them with danger signals. If those in charge of the tug had been reasonably vigilant they would have observed the ferry-boat, even before she gave the signals; and there was sufficient time after the signals were given for the tug to go ahead and avoid the ferry-boat, if an order to do so had been promptly given and obeyed. We accept the version of the occurrence substantially as it is given by the witnesses Denoyelles and Little. We agree with the learned district judge that the tug had no right unnecessarily to maneuver at the entrance of the slip of the ferry-boat so as to obstruct the ferry-boat while making her slip, and that the pilot of the ferry-boat was justified in assuming that the tug would go ahead as soon as it was apparent that otherwise a collision would probably ensue.

The decree is affirmed, with interest and the costs of the appeal.